UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DILLINGHAM,<br><br>            Plaintiff,<br><br>     v.<br><br>K. MILLS, et, al.,<br><br>            Defendants. | Case No. CV 24-02966-JGB (AS)<br><br>**ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS, CONCLUSIONS AND RECOMMNEDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint, all of the records herein, and the Report and Recommendation of a United States Magistrate Judge ("R&R"). After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts, in part, and rejects, in part, the findings and conclusions of the Magistrate Judge.

The Magistrate Judge recommends that Defendants' Motion to Dismiss be granted and the Complaint be dismissed without leave to amend, on the grounds that Plaintiff failed to state a claim for violation of due process and failed to exhaust available administrative remedies with respect to his Eighth Amendment claim

1   against Defendants Mills, Williams, Solario, and Anderson. (See
2   R&R at 7-23). As to the latter claim, the Magistrate Judge
3   reasonably concluded that Plaintiff's failure to exhaust was
4   evident on the face of the Complaint, given that Plaintiff had
5   referenced only one relevant first-level grievance, dated September
6   28, 2023, and it did not give legally sufficient notice of the
7   issue underlying his Eighth Amendment claim. (R&R at 17-22; see
8   Compl. at 7-8, 10-11, 30-31; Opposition at 9-10).

10      However, in his Objections, Plaintiff now states that he
11  exhausted his Eighth Amendment claim in a different administrative
12  grievance, dated September 30, 2023, which allegedly never received
13  a response from the grievance office despite a follow-up inquiry
14  from Plaintiff three months later. (Objections at 4-5). A copy of
15  this grievance is attached to the Objections; it asserts an Eighth
16  Amendment violation by Defendants Mills and Anderson. (Objections
17  Ex. A).

19      It is unclear why Plaintiff did not previously mention this
20  grievance, either in his Complaint or his Opposition to Defendants'
21  Motion. Nonetheless, it is within this Court's discretion to accept
22  new evidence or argument submitted with objections. Jones v.
23  Blanas, 393 F.3d 918, 935 (9th Cir. 2004); United States v. Howell,
24  231 F.3d 615, 621 (9th Cir. 2000); see also 28 U.S.C. § 636(b)(1)
25  (district court judge "may also receive further evidence"). Because
26  Plaintiff's new evidence plausibly demonstrates that he exhausted
27  his Eighth Amendment claim against Defendants Mills and Anderson
28  (but not the other two Defendants) – and thus undermines the

1  Magistrate Judge's conclusion that such claim warrants dismissal
2  on its face – the Court finds it appropriate to consider it.

4  Defendants argue that if the Court considers the new evidence,
5  the Complaint's Eighth Amendment claim against Mills and Anderson
6  still warrants dismissal, albeit with leave to amend, apparently
7  because the Complaint itself failed to reference this other
8  grievance. (See Docket No. 32 at 1-2, 6-7). However, Plaintiff is
9  not required to affirmatively plead or demonstrate exhaustion. See
10 Nunez v. Duncan, 591 F.3d 1217, 1223-24 (9th Cir. 2010). Thus,
11 while Plaintiff's silence regarding this other grievance, both in
12 his Complaint and his Opposition to the Motion, misled the
13 Magistrate Judge to conclude - mistakenly, as to Mills and Anderson
14 – that a failure to exhaust was clear on the face of the Complaint,
15 the Complaint's Eighth Amendment claim itself is not deficient, at
16 least as to Mills and Anderson. On the other hand, as it remains
17 clear that Plaintiff did not exhaust his claim as to Defendants
18 Williams and Solorio, dismissal remains appropriate on that basis.

20 The Court therefore declines to accept the Magistrate Judge's
21 recommendation to dismiss Plaintiff's Eighth Amendment claim
22 against Defendants Mills and Anderson, but otherwise concurs with
23 and accepts the findings and conclusions of the Magistrate Judge.
24 Plaintiff's other objections regarding such findings and
25 conclusions do not merit discussion and are overruled.

27 **IT IS ORDERED** that (1) Defendants' Motion to Dismiss is
28 GRANTED, IN PART, AND DENIED, IN PART, as follows: (a) the Motion

3

1  is GRANTED to the extent that Plaintiff's due process claim is
2  dismissed without leave to amend as to all Defendants; and his
3  Eighth Amendment claim is dismissed without leave to amend, but
4  without prejudice, as to Defendants Williams and Solorio;[1] and (b)
5  the Motion is otherwise DENIED.

7     Defendants Mills and Anderson are **ORDERED** to file an Answer
8  to the Complaint's Eighth Amendment claim no later than thirty (30)
9  days from the date of this Order.

11    **IT IS FURTHER ORDERED** that the Clerk serve copies of this
12 Order and the Magistrate Judge's Report and Recommendation on
13 Plaintiff and counsel for Defendants.

DATED: March 5, 2025

```
                                    _____
                                         JESUS G. BERNAL
                                    UNITED STATES DISTRICT JUDGE
```

---

[1] See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (dismissal for failure to exhaust administrative remedies is without prejudice); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (prisoner's failure to exhaust administrative remedies prior to presenting a claim to a federal court requires dismissal without prejudice under 42 U.S.C. § 1997e(a)).